# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**TROY A. BARNES,**

    **Petitioner,**

                                      **Case No. 5:13cv182/WS/CJK**

**MICHAEL D. CREWS,**

    **Respondent.**

_____/

## REPORT AND RECOMMENDATION

This habeas case filed under 28 U.S.C. § 2254 is before the Court upon referral from the Clerk. On September 11, 2013, the Court entered an order (doc. 11) denying petitioner's motion to proceed *in forma pauperis* and directing petitioner to pay the $5.00 filing within thirty (30) days.[1] Petitioner was warned that failure to comply with the order would result in a recommendation that this case be dismissed. Over thirty days elapsed, and petitioner did not comply with the order.

On October 18, 2013, the Court ordered petitioner to show cause, within fourteen days, why this case should not be dismissed for failure to comply with an order of the Court. (Doc. 12). To date, petitioner has not responded to the show

---

[1] Petitioner's inmate account statements reflected that petitioner had a balance of $49.58 on the date he initiated this action on May 13, 2013, and that petitioner had average monthly deposits of $55.00 during the six months preceding the filing of this action.

cause order or complied with the September 11, 2013 order.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for petitioner's failure to comply with an order of the Court.

2. That the Clerk be directed to close the file.

At Pensacola, Florida, this 14th day of November, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).